UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK PRICE,

    Plaintiff,

v.                                          CAUSE NO. 3:19-CV-868-DRL-MGG

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Frank Price, a prisoner without a lawyer, filed a complaint and motion for preliminary injunction alleging that his due process rights were violated by Ron Neal, Pam Bane, and Debbie Abrams. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Price alleges that Mr. Ron Neal has implemented a policy that allows inmates to be transferred to Disciplinary Restrictive Housing without a hearing. Mr. Price asserts that this violates the Due Process Clause, because it allows jail staff to use a finding of guilty in a disciplinary matter to support the decision to place an inmate in restrictive housing even when the disciplinary hearing board did not include the sanction of disciplinary restrictive housing as one of the punishments for the

offense. Mr. Price specifically complains that the inmate may be placed in B-North, a disciplinary restrictive housing range where only cold sack lunches are offered.[1]

On July 15, 2019, Mr. Price was found guilty of possessing a controlled substance and was sanctioned with a loss of 90 days of earned credit time and commissary restrictions. The next day, Ms. Pam Bane filled out a Classification Report requesting that Mr. Price be moved to B-North because he had been found guilty. He was moved the same day, before the move was approved by the Supervisor of Classification, Debbie Abrams. Supervisor Abrams did not approve the move until the next day. Mr. Price has resided in B-North for 90 days without a hearing. He asks that the policy be changed and that he be release to general population.

The law is clear that Mr. Price does not have a protected liberty interest in a particular security classification. Due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property in their classifications and prison assignments"). Mr. Price does not explain how the change in classification that he experienced posed either an "atypical" or "significant" hardship in relation to the ordinary incidents of prison life. Therefore, Mr. Price has not stated a due process claim.

Though this complaint does not state a claim, and while it seems unlikely that Mr. Price will be able to state a claim against any of these defendants based on being housed in a disciplinary restrictive housing unit that does not serve hot lunches for a period of 90 days, it is not possible to say definitively that he could not do so. Therefore, he will be permitted time to file an amended complaint if he believes that he can add additional facts that would demonstrate that the change in

---

[1] Mr. Price notes that other disciplinary segregation units receive hot lunches.

classification and resulting loss of his prison job posed an atypical or significant hardship on him in relation to the ordinary incidents of prison life. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For the these reasons, the court:

(1) DENIES Frank Price's motion seeking a preliminary injunction (ECF 3);

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to Frank Price;

(3) GRANTS Frank Price to and including **October 31, 2019** to file an amended complaint; and

(4) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 4, 2019                                    *s/ Damon R. Leichty*
                                                   Judge, United States District Court